JOHN K. LYON, ET AL., TRUSTEES OF THE LAST WILL AND TESTAMENT
OF EBER B. WARD, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

INHERITANCE TAX—*when claimant entitled to a refund.* Where the inheritance tax is assessed under Section 25, of Inheritance Tax Law, upon certain contingent interest, and is paid, and afterwards the contingencies are defeated and the estate vests in the legatees under the will, and the County Court upon proper proceedings enters an order re-assessing the tax reducing the same. *Held,* that claimant is entitled to a refund of the difference between the amount paid under the original order assessing the tax and the amount fixed by the County Court in its order of re-assessment.

Edward J. Brundage, Attorney General, for State.

This is a claim filed under Section 25 of the Inheritance Tax Law for a refund of a portion of the inheritance tax assessed and paid in the Estate of Eber B. Ward, deceased.

Eber B. Ward died in France, May 5th, A. D. 1918, and his will was duly probated in Cook County, Illinois. John K. Lyon, John W. Gary and Calvin Fentress were appointed by said trustees of the trusts named in the will for the benefit of decedent's two daughters, to be known as the "Esmee Ward Fund" and the "Phyllis Ward Fund" respectively.

The latter two trustees resigned and George F. Henneberry and Augustus P. Richardson were appointed their successors, respectively, as provided for under the will, and the said John K. Lyon, George F. Henneberry and Augustus P. Richardson, the claimants became and are now the sole duly qualified trustees of said funds.

Pursuant to proper inheritance tax proceedings the County Judge of Cook County, Illinois, entered an order assessing a total inheritance tax of $94,703.56, which said tax less the five percent discount for payment within the six months of decedent's death was $89,968.38, which was on November 6th, 1918, paid by said John K. Lyon, executor of said will, who as such executor, has since then discharged as executor of said will, and who is now one of the trustees, together with said Henneberry and Richardson, trustees, of said funds, and as such trustees are the claimants in this case.

A portion of said tax was assessed upon certain contingent interests involved in the said trusts under said section 25 of the Inheritance Tax Law at the highest possible rate, and the tax so assessed presumably was paid by the executor as provided by law out of the corpus of said trust property. All as shown by the evidence herein.

The said contingencies having now been defeated, and the said trusts having been vested in the two daughters of the testator under the provisons of the will and by operation of the law, the County Court of said county of Cook thereafter upon petition by claimants herein, of which proceedings the Attorney General had due legal notice, entered an order November the 20th, 1922, re-assessing the inheritance tax in said estate; the total tax so re-assessed being $80,409.94, which less the five per cent show the net amount of $76,389.44, and the only tax affected by said order, being the tax upon the said trust property in the hands of the claimants.

All facts stated herein are matters of record and filed herein and admitted by the Attorney General, proof thereof being by him waived. The evidence sustains all the allegations in the claim, which is admitted by the Attorney General, who consents to an award of the amount of the claim.

It is therefore ordered by the Court that claimants be awarded a claim of $13,578.94 with interest thereon at the rate of 3% per annum from the 6th day of November, 1918, the said award being the difference between the said amount as originally assessed and the amount fixed in the order of re-assessment.